UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DAVID LEE McCASKILL-KNIGHT,                :

               Petitioner,                :                06 Civ. 4391 (AJP)

        -against-                :                **OPINION AND ORDER**

UNITED STATES OF AMERICA,                :

               Respondent.                :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**ANDREW J. PECK, United States Magistrate Judge:**

        Pro se petitioner David Lee McCaskill-Knight, an inmate at Green Haven Correctional Facility, seeks a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging a federal parole violator warrant that has been lodged as a detainer against him. McCaskill-Knight's petition requests "relief from violations of his constitutional rights for the [federal] government[']s failure to afford [him] a hearing within a reasonable time after his arrest pursuant to a parole violators warrant as well as the filing of an unlawful and unconstitutional detainer." (Dkt. No. 5: Cronan Aff. Ex. A: Pet. at 1.) The parties have consented to decision of McCaskill-Knight's petition by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 10.)

        For the reasons set forth below, McCaskill-Knight's petition is DENIED, since the parole warrant was not "executed" but only lodged as a detainer.

## FACTS

### McCaskill-Knight's Current New York Incarceration

Petitioner McCaskill-Knight is presently incarcerated at Green Haven Correctional Facility in Stormville, New York, for first degree robbery.  (Dkt. No. 5: Cronan Aff. Ex. A: Pet. at 1; Dkt. No. 4: Thiessen Aff. Ex. A: N.Y.S. D.O.C.S. Inmate Info. Sheet at 1-2.)  McCaskill-Knight began serving a twelve and a half to twenty-five year sentence on August 18, 1995.  (N.Y.S. D.O.C.S. Inmate Info. Sheet at 1-2; Pet. at Ex. C: Sentence & Commitment at 1.)  McCaskill-Knight will become eligible for parole from this state conviction on July 7, 2007.  (N.Y.S. D.O.C.S. Inmate Info. Sheet at 2.)

### McCaskill-Knight's Federal and Arizona Prior Convictions

On February 15, 1985, McCaskill-Knight was convicted of armed robbery in Phoenix, Arizona for robbing a hair salon at gunpoint on October 24, 1984.  (Dkt. No. 6: C.D. Cal. Presentence Report at 4-5.)  On September 13, 1985, he was sentenced to ten and a half years in an Arizona state prison.  (Id. at 4.)

On July 23-24, 1986, McCaskill-Knight was convicted in federal court in Los Angeles, California of armed bank robbery on March 14, 1983.  (C.D. Cal. Presentence Report at 2.)  McCaskill-Knight was sentenced to ten years incarceration consecutive to his Arizona state sentence.  (Dkt. No. 4: Thiessen Aff. Ex. B: C.D. Cal. Judgment at 1.)

On October 5, 1992, McCaskill-Knight was released on federal parole after serving part of his sentence.  (Thiessen Aff. Ex. E: Cert. of Parole.)  One of the conditions of McCaskill-

Knight's federal parole was that he was to remain within the limits of the Central District of California until December 5, 1998.  (Id.)

**Parole Violation Proceedings**

On March 15, 1993, McCaskill-Knight's parole officer completed a parole violation report on McCaskill-Knight, stating that McCaskill-Knight had failed to report to his parole officer in January, February and March 1993.  (Dkt. No. 4: Thiessen Aff. Ex. F: Parole Violation Report at 1.)  The parole violation report requested issuance of a warrant for McCaskill-Knight's arrest.  (Id. at 3.)

On April 1, 1993, a warrant for McCaskill-Knight's arrest was issued for failure to report to his probation officer as directed.  (Thiessen Aff. Ex. G: 4/1/93 Warrant at 2.)  The warrant's instructions to the United States Marshal included the following language:

> Please assume custody as soon as possible or when located.  **NOTE**: if the parolee is already in the custody of federal or state authorities, **do not execute this warrant**. Place a detainer and notify the [United States Parole] Commission for further instructions.  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

(4/1/93 Warrant at 1, emphasis in original.)

On June 22, 1994, the United States Parole Commission sent a memorandum to the United States Marshal in the Central District of California stating that McCaskill-Knight was still not in custody, and that the warrant remained active.  (Thiessen Aff. Ex. H: 6/22/94 Memo.)

On August 22, 1995, Downstate Correctional Facility in Fishkill, New York notified the United States Marshal in the Southern District of New York that "[t]he warrant listed below has

been received from your office and lodged at our facility against" McCaskill-Knight.  (Pet. Ex. A:

8/21/95 Ltr.)  The letter refers to the following warrant:  "US Marshals Detainer Dated 2-25-95."

(Id.)  McCaskill-Knight was copied on the letter.  (Id.)

        On November 3, 1995, the United States Parole Commission sent a memorandum to

the United States Marshal in the Central District of California stating that McCaskill-Knight was in

custody on state charges, and that the "U.S. Parole Commission warrant was filed as a detainer on

11-1-95 at Downstate NY - S/NY.  State No. is 4397543H."  (Thiessen Aff. Ex. I: 11/3/95 Memo.)

On November 8, 1995, the Parole Commission sent a letter to the Central District of California

Probation Office stating:

> On April 1, 1993 a warrant was issued in [McCaskill-Knight's] case based upon a
> request from USPO Michael T. Rasper from the Los Angeles office. . . . [T]he U.S.
> Marshal has notified us that subject is in custody in Southern New York under the
> name David Lee Knight, booking number 4397543H.  We would greatly appreciate
> it if you could investigate this matter and advise regarding the nature and the status
> of the charges.

(Thiessen Aff. Ex. J: 11/8/95 Ltr.)  On December 5, 1995, the Probation Office responded to the

Parole Commission:

> This letter is in response to your inquiry dated November 8, 1995, concerning
> [McCaskill-Knight's] arrest in the Southern District of New York.  According to an
> intake specialist at the Downstate Correctional Facility in Fishkill, New York, the
> parolee was arrested on January 9, 1995, and charged with first degree robbery.  He
> was subsequently convicted of this charge and sentenced on June 26, 1995, to 12 to
> 25 years in state prison.  He is presently an inmate at this location, booking number
> 4397543H.
>
> In addition to the United States Parole Commission warrant, dated April 1, 1993,
> currently being held as a detainer, the parolee has an outstanding warrant from the
> State of Arizona dated September 9, 1994.  This warrant stems from a August 9,

> 1994, bank robbery attempt, and specifically charges attempted robbery, conspiracy to commit robbery, and armed robbery.

(Thiessen Aff. Ex. K: 12/5/95 Ltr.)

On December 1, 2005, McCaskill-Knight wrote a letter to the United States Parole Commission requesting the Commission to "drop the California parole warrant, issued on April 1, 1995." (Pet. Ex. D: 12/1/05 Ltr. at 1.) On December 12, 2005, McCaskill-Knight wrote to the United States Parole Commission asserting that he was entitled to relief because he was prejudiced when he did not receive a hearing within ninety days of the government's "re-taking [him] into custody" under the April 1, 1993 warrant that was lodged as a detainer. (Thiessen Aff. Ex. L: 12/12/05 Ltr. at 1.) McCaskill-Knight argued that because of the violation, jail credit against his original sentence was mandatory. (Id. at 2.)[1/]

**The April 1, 1993 Parole Violator Warrant as of August 28, 2006**

According to Douglas W. Thiessen, assistant general counsel at the United States Parole Commission, the Commission "has no information indicating or suggesting that its outstanding violator warrant against [McCaskill-Knight] has been executed." (Dkt. No. 4: Thiessen Aff. ¶ 5.) Thiessen explained that "[t]he Commission considers its warrants executed when a parolee is taken into custody under the auspices of its warrant, according to its instructions." (Thiessen Aff. ¶ 6.) Thiessen stated that:

---

[1/]    On January 29, 2006, McCaskill-Knight wrote another letter to the Parole Commission reiterating his original arguments regarding the April 1, 1993 parole violator warrant and requesting a date for a parole revocation hearing. (Pet. Ex. E: 1/29/06 Ltr. at 1.)

> The Commission has requested additional information about petitioner's New York State offense and conviction. Once the Commission receives this information, the Commission will provide Petitioner McCaskill with an opportunity to be heard on the issue of whether to maintain the warrant as a detainer, as required by 28 C.F.R. § 2.47. After receiving McCaskill's comments (if any), the Commission will make a determination whether to maintain the warrant as a detainer. I have instructed Commission staff to expeditiously complete this review.

(Thiessen Aff. ¶ 7.)

**Procedural History**

McCaskill-Knight originally filed his petition in the United States District Court for the Central District of California on February 21, 2006. (Dkt. No. 5: Cronan Aff. Ex. A: Pet. at 1.) Because McCaskill-Knight is in custody in Stormville, New York, the case was transferred to this District and entered on the docket here on June 12, 2006. (Cronan Aff. Ex. B: Transfer Order; 6/12/06 Dkt. entry.) Judge Pauley referred this case to me on July 13, 2006. (Dkt. No. 1: Referral Order.) On August 30, 2006, the Government submitted opposition papers to McCaskill-Knight's petition (Dkt. No. 3: Gov't Br.), and on September 8, 2006, McCaskill-Knight submitted a supplementary brief in support of his petition (Dkt. No. 9: Reply Br.). On October 5, 2006, the parties consented to decision of McCaskill-Knight's petition by a Magistrate Judge pursuant to 28 U.S.C. § 636(c). (Dkt. No. 10.)

## ANALYSIS

McCaskill-Knight's § 2241 habeas petition requests "relief from violations of his constitutional rights for the [federal] government['ls failure to afford [him] a hearing within a reasonable time after his arrest pursuant to a [federal] parole violators warrant as well as the filing

H:\OPIN\McCASKILL-KNIGHT

of an unlawful and unconstitutional detainer."  (Dkt. No. 5: Cronan Aff. Ex. A: Pet. at 1.)

Specifically, McCaskill-Knight alleges that the April 1, 1993 parole violator warrant was executed

against him and thus he is already serving time in prison pursuant to that violation.  (Pet. at 1.)  He

claims that:  (1) the entry of the April 1, 1993 parole violator warrant as a detainer against him

violates his rights because he is already serving a sentence based on that parole violator warrant (Pet.

at 1); and (2) he was entitled to a parole revocation hearing under 18 U.S.C. § 4214(c) within ninety

days of his arrest pursuant to the warrant, but never received such a hearing, and therefore his rights

were violated (Pet. at 2).  McCaskill-Knight requests that this Court direct the Parole Commission

to award credit to his remaining Central District of California parole term based on the time he has

served during his New York state sentence.  (Pet. at 2.)

I.    BECAUSE THE APRIL 1, 1993 PAROLE VIOLATOR WARRANT WAS NEVER
EXECUTED, McCASKILL-KNIGHT'S PETITION IS DENIED AS TO HIS CLAIMS
RELATING TO THE WARRANT'S EXECUTION

While McCaskill-Knight would have certain statutory rights if the Parole Commission

had executed the April 1, 1993 parole violator warrant, see 18 U.S.C. § 4214 (1982), McCaskill-

Knight has offered no evidence demonstrating that the April 1, 1993 warrant was ever executed, i.e.,

that he was ever taken into federal custody pursuant to that warrant.  (See Dkt. No. 4: Thiessen Aff.

¶ 6.)  See also 18 U.S.C. § 4213(d).[2/]  To the contrary, the "[Parole] Commission has no information

_____

[2/]    Section 4213(d) provides:

(d)  Any officer of any Federal penal or correctional institution, or any Federal officer
authorized to serve criminal process within the United States, to whom a warrant
(continued...)

indicating or suggesting that its outstanding violator warrant against petitioner has been executed."
(Thiessen Aff. ¶ 5.)  The April 1, 1993 parole violator warrant was never executed, but rather is
lodged as a detainer against McCaskill-Knight.  (See pages 4-5 above.)  "Placing a detainer against
a parolee who has been arrested on an intervening charge does not constitute execution of the
warrant."  Heath v. United States Parole Comm'n, 788 F.2d 85, 91 (2d Cir.), cert. denied, 479 U.S.
953, 107 S. Ct. 443 (1986).[3]

       Therefore, any relief that McCaskill-Knight requests relating to the alleged
"execution" of the April 1, 1993 parole violator warrant is DENIED.

---

[2]     (...continued)
issued under this section is delivered, shall execute such warrant by taking such
parolee and returning him to the custody of the regional commissioner, or to the
custody of the Attorney General, if the Commission shall so direct.

18 U.S.C. § 4213(d) (emphasis added).

[3]     See also, e.g., Moody v. Daggett, 429 U.S. 78, 81 n.2, 97 S. Ct. 274, 276 n.2 (1976) ("A
detainer . . . is an internal administrative mechanism to assure that an inmate subject to an
unexpired term of confinement will not be released from custody until the jurisdiction
asserting a parole violation has had an opportunity to act in this case by taking the inmate
into custody or by making a parole revocation determination."); United States v. Wall, No.
99-1626, 208 F.3d 204 (table), 2000 WL 280322 at *2 (2d Cir. Mar. 14, 2000) ("[T]he
issuance of a warrant and the lodging of a detainer, while the person is incarcerated
elsewhere for a separate crime, do not constitute being taken into custody."); Prescott v.
United States Parole Comm'n, No. 89 CV 2607, 1990 WL 34698 at *1 (E.D.N.Y. Mar. 9,
1990) ("Petitioner has not yet been retaken pursuant to the parole violator warrant.  Thus,
petitioner is not entitled to a parole revocation hearing at this time.").

II.     **BECAUSE McCASKILL KNIGHT HAS FAILED TO SHOW PREJUDICE OR BAD FAITH, HIS CLAIMS RELATING TO A DELAY IN THE DISPOSITIONAL REVIEW OF THE APRIL 1, 1993 WARRANT LODGED AS A DETAINER ARE DENIED**

Under 28 C.F.R. § 2.47, McCaskill-Knight has a right to a review of the parole violation warrant lodged against him as a detainer:

> (a)  When a parolee is serving a new sentence in a federal, state or local institution, a parole violation warrant may be placed against him as a detainer.
>
> . . .
>
> (2)  If the prisoner is serving a new sentence in a state or local institution, the violation warrant shall be reviewed by the Regional Commissioner not later than 180 days following notification to the Commission of such placement.  The parolee shall receive notice of the pending review, and shall be permitted to submit a written application containing information relative to the disposition of the warrant.  He shall also be notified of his right to request counsel under the provisions of § 2.48(b) to assist him in completing this written application.

28 C.F.R. § 2.47(a)(2); see also 18 U.S.C. § 4214(h).  Following a dispositional record review, the Regional Commissioner may:

> (1)  Withdraw the detainer and order reinstatement of the parolee to supervision upon release from custody, or close the case if the expiration date has passed.
>
> (2)  Order a revocation hearing to be conducted by a hearing examiner or an official designated by the Regional Commissioner at the institution in which the parolee is confined.
>
> (3)  Let the detainer stand and order further review at an appropriate time.  If the warrant is not withdrawn and no revocation hearing is conducted while the prisoner is in state or local custody, an institutional revocation hearing shall be conducted after the prisoner's return to federal custody.

28 C.F.R. § 2.47(c)(1)-(3); see also 18 U.S.C. § 4214(b).

The record indicates that the April 1, 1993 parole violator warrant was lodged as a detainer on November 1, 1995 with the Downstate Correctional Facility in Fishkill, New York. (Dkt. No. 4: Thiessen Aff. Ex. I: 11/3/95 Memo.)  Because McCaskill-Knight was serving a new sentence in New York state prison when the detainer was lodged, the Regional Parole Commissioner should have conducted a review of the detainer not later than 180 days after November 1, 1995, i.e., by April 29, 1996.  28 C.F.R. § 2.47(a)(2).  The government "acknowledges that McCaskill-Knight has not yet received this review."  (Dkt. No. 3: Gov't Br. at 17.)  The Parole Commission, however, is examining information about McCaskill-Knight's New York conviction, and will give McCaskill-Knight "an opportunity to be heard" on the issue of whether the April 1, 1993 warrant should be maintained as a detainer.  (Thiessen Aff. ¶ 7.)  The Commission has been instructed to "expeditiously complete this review."  (Id.)

While dispositional review was untimely here, "absent prejudice or bad faith on the Commission's part, the appropriate remedy is not a writ of habeas corpus, but a writ of mandamus to compel compliance with the statute."  Heath v. United States Parole Comm'n, 788 F.2d 85, 89 (2d Cir.), cert. denied, 479 U.S. 953, 107 S. Ct. 443 (1986).[4/]

---

[4/]     Accord, e.g., Hunt v. United States Parole Comm'n, 05 Civ. 8996, 2006 WL 2051069 at *4 (S.D.N.Y. July 21, 2006); Caldwell v. United States Parole Comm'n, 03 Civ. 9116, 2005 WL 1153726 at *3 n.3 (S.D.N.Y. Apr. 13, 2005); King v. Hasty, 154 F. Supp. 2d 396, 401 & n.5 (E.D.N.Y. 2001) ("The appropriate remedy for an untimely review, absent prejudice, is a writ of mandamus to compel a hearing, which [petitioner] did not pursue."  "The mere fact of a delay, however, is not by itself sufficient to establish a due process violation.  Rather, the petitioner must also show that the delay was 'unreasonable and prejudicial.'"); Hayden v. Keane, 154 F. Supp. 2d 610, 617 (S.D.N.Y. 2001), aff'd, 34 Fed. Appx. 796 (2d Cir. 2002);
(continued...)

McCaskill-Knight claims that he has suffered prejudice "because if the commission had held a timely hearing within the statutory time limits prescribed in the [Parole Commission and Reorganization Act, he] would not be confined to maximum security, because his level would have dropped to medium, four years ago." (Pet. at 5.) McCaskill-Knight has not supported this allegation with any evidence that any delay in reviewing the April 1, 1993 parole violator warrant lodged as a detainer has contributed to McCaskill-Knight being held in maximum security. Moreover, even if the detainer did contribute to his being held in maximum security, that is not prejudice from the delay but from the detainer itself. See, e.g., Heath v. United States Parole Comm'n, 788 F.2d at 90 ("Although appellant asserts that the detainer continues to foreclose his participation in rehabilitative and educational programs within the state prison, these effects of the detainer do not constitute prejudice resulting from delay. . . . [T]he prejudice results not from any delay which may have occurred from the procedures followed, but rather from the Commission's decision to leave the detainer in place after the hearing."); Prescott v. United States Parole Comm'n, 1990 WL 34698 at *2 (same).

Aside from this unsubstantiated, speculative claim, McCaskill-Knight has not shown that he has suffered any prejudice from the delay in the dispositional review, or that the Parole

---

[4]/    (...continued)
Castronova v. United States Parole Comm'n, No. 94-CV-606S, 1995 WL 604327 at *5 (W.D.N.Y. Aug. 29, 1995); Muhammad v. Hershberger, 90 Civ. 0823, 1991 WL 64452 at *9 (S.D.N.Y. Apr. 16, 1991); Rivera-Ocasio v. Hershberger, 91 Civ. 2153, 1991 WL 60415 at *2 (S.D.N.Y. Apr. 10, 1991); Prescott v. United States Parole Comm'n, No. 89 CV 2607, 1990 WL 34698 at *2 (E.D.N.Y. Mar. 9, 1990).

Commission acted in bad faith by not timely holding a dispositional review.  McCaskill-Knight's request for habeas relief with respect to the delay in holding a dispositional review therefore is DENIED.  See, e.g., Heath v. United States Parole Comm'n, 788 F.2d at 90 ("[B]ecause appellant's allegations of prejudicial delay are conclusory, without suggestion of bad faith, he has already received all the relief to which he was entitled when the Commission conducted a dispositional review of the detainer and the dispositional revocation hearing."); Castronova v. United States Parole Comm'n, 1995 WL 604327 at *5-6 (habeas relief denied where Court found that petitioner was not prejudiced by the possibility that a detainer placed against him made it impossible for him to participate in rehabilitative and educational programs within the state prison; petitioner made "no specific allegation that noncompliance with the statute is the result of bad faith on the part of the government.  Although petitioner complains of the lengthy delay in carrying out the dispositional review process, bad faith is not apparent from the record.  Instead, such delay appears to have resulted from communication problems and administrative oversight."); Prescott v. United States Parole Comm'n, 1990 WL 34698 at *2 ("Anxiety and ineligibility for rehabilitation programs because a warrant is lodged as a detainer is not an adequate showing of prejudice.  Additionally, petitioner has not made sufficient allegations of bad faith by the Parole Commission.  Thus, habeas relief is also denied.").[5/]

---

[5/]      See also, e.g., Hunt v. United States Parole Comm'n, 2006 WL 2051069 at *4 (habeas relief denied where petitioner could not demonstrate that he was prejudiced by delay in parole revocation hearing or that the Parole Commission acted in bad faith with respect to the delay); Kelly v. Menifee, 02 Civ. 6244, 2003 WL 22845717 at *8-9 (S.D.N.Y. Nov. 26, (continued...)

While this Court could interpret McCaskill-Knight's pro se petition liberally as also requesting a writ of mandamus ordering the Parole Commission to perform a dispositional review of the April 1, 1993 warrant lodged as a detainer,[6/] because the Parole Commission has already began an expedited process of performing a dispositional review (see pages 5-6 above), the Court refrains from issuing such a writ of mandamus.

---

[5/]    (...continued)
2003) (petitioner was not entitled to relief for the Parole Commission's failure to provide him with a parole violation hearing because he could not demonstrate that the failure was prejudicial); Hayden v. Keane, 154 F. Supp. 2d at 616-17 (habeas relief denied where petitioner could not show prejudice or that the Parole Commission acted in bad faith); Rivera-Ocasio v. Hershberger, 1991 WL 60415 at *2.

[6/]    See generally, e.g., McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest'"); see also, e.g., Hill v. Melvin, 05 Civ. 6645, 2006 WL 1749520 at *5 (S.D.N.Y. June 27, 2006) (Peck, M.J.) (citing my prior cases); Commer v. American Fed'n of State, County & Mun. Employees, 272 F. Supp. 2d 332, 335 (S.D.N.Y. 2003) ("[T]he Court is mindful that the plaintiff is proceeding pro se and that his submissions should be held to 'less stringent standards than formal pleadings drafted by lawyers. . . .'"), aff'd, 390 F.3d 203 (2d Cir. 2004).

14

## **CONCLUSION**

For the reasons discussed above, McCaskill-Knight's § 2241 habeas petition is

DENIED.

       SO ORDERED.

Dated:      New York, New York
             November 14, 2006

                                        **Andrew J. Peck**
                                        United States Magistrate Judge

Copies to:    David Lee McCaskill-Knight
                John Cronan, Esq.

H:\OPIN\McCASKILL-KNIGHT